# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM S. FLETCHER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 02-CV-427-GKF-PJC |
| ) | |
| THE UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION and ORDER

This matter comes before the court on the Motion to Certify Class [Dkt. # 1148] of plaintiffs William S. Fletcher, *et al.* The United States responded [Dkt. # 1154], agreeing that a class should be certified.

Plaintiffs have one remaining claim—that the Federal Defendants have failed to fulfill their statutory duties to provide an accounting.

Plaintiffs seek to certify the following class:

> All Indians who currently, or during the pendency of this litigation have received Section 4 Royalty Payments from the segregated fund as determined and calculated by the Defendants, as trustee, pursuant to the 1906 Act § 4 (as amended).

[Dkt. # 1148, p. 10]. Defendants do not object to plaintiffs' class definition, nor do they argue that the proposed class does not meet the requirements of Fed. R. Civ. P. 23.[1]

Prior to certifying a class, plaintiffs must first demonstrate that the requirements of Fed. R. Civ. P. 23(a) are met: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a); *see Gelder v. Coxcom, Inc.*, 696 F.3d 966, 968 (10th Cir. 2012).

Numerosity requires that the "class is so numerous that joinder of all members is impracticable."

---

[1] Defendants caution that plaintiffs' class definition may exclude certain claims [Dkt. # 1154, pp. 6-8]; such arguments do not implicate the appropriateness of class certification.

Fed. R. Civ. P. 23(a)(1). Previously in this litigation, the court witnessed the complexity of dealing with approximately 1,700 non-Indian headright owners named as individual defendants. The court declined to certify a defendants' class on the grounds that defenses would likely be individualized and not typical of the class. [Dkt. # 1123]. Dealing with 4,000 plaintiffs individually who share a common interest in an accounting would be impracticable. Thus, the proposed class fulfills the requirement of numerosity.

Commonality requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Here, plaintiffs allege the Federal Defendants owe all Indians who currently, or during the pendency of this litigation, have received Section 4 Royalty Payments a duty to account. The trust responsibilities plaintiffs seek to enforce arise from 25 U.S.C. § 4011. This statute creates a number of federal responsibilities in administering trusts to benefit Indian tribes and individual Indians. Since all proposed class members are Indian headright owners, there would be common questions of law and fact relating to the accounting claim. The proposed class fulfills the requirement of commonality.

Typicality requires "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The class representatives, as Indian headright owners, and the proposed plaintiffs' class of all Indian headright owners benefit from the same set of rights under 25 U.S.C. § 4011. Therefore, claims asserted by the representative parties are typical of the claims of the class. The proposed class fulfills the typicality requirement.

Adequacy of representation requires "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The court has not been made aware of any potential conflicts of interest between the representative plaintiffs and the class members.

To date, the representative plaintiffs have vigorously prosecuted this action, and there is no indication they will not continue to do so. The proposed class is represented by law firms that have significant experience in complex litigation, and class actions in particular. The representative plaintiffs fulfill the requirement of adequacy.

Plaintiffs seek certification under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(2). Federal Defendants do not oppose certification under either rule. The court considers certification under both rules. A class may be certified under Fed. R. Civ. P. 23(b)(1)(A) if:

> [P]rosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class.

Fed. R. Civ. P. 23(b)(1)(A). A class may be certified under Fed. R. Civ. P. 23(b)(2) if:

> The party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

Fed. R. Civ. P. 23(b)(2). Plaintiffs no longer seek money damages in this action. Their remaining claim is for an accounting. The accounting obligation imposed by § 4011 applies to "funds held in trust by the United States for the benefit of an Indian tribe or an individual Indian which are deposited or invested pursuant to section 162a of this title." Under § 4011, the United States' obligation to account is limited only to members who can assert claims under 25 U.S.C. § 162a. Classes seeking declaratory relief against the government, such as a proposed accounting, are appropriately certified under Rule 23(b)(1)(A), if "any inconsistency in judgments or orders in lawsuits involving individual members of the class automatically will impose incompatible standards of behavior on the party opposing the class." MOORE'S FEDERAL PRACTICE § 23.41 (3d ed. 2013). Also, classes seeking declaratory relief may be certified under Rule 23(b)(2) if "declaratory relief would be appropriate for an entire class because a party's action or inaction

3

affects the entire class." *Id.* at § 23.43.  Allowing multiple claims to proceed against the government would risk incompatible orders directing the government to account in contradictory manners.  Also, requested relief would be appropriate respecting the class as a whole.  Notably, the court in *Cobell v. Babbitt*, 30 F. Supp. 2d 24, 28 (D. D.C. 1998), when confronted with similar legal issues, certified a class under both 23(b)(1)(A) and 23(b)(2).  Thus, for the reasons stated, this class is also properly certified under Rules 23(b)(1)(A) and 23(b)(2).

WHEREFORE, the Motion to Certify Class [Dkt. # 1148] is granted.

DATED this 31st day of January, 2014.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT