# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

WILLIAM S. FLETCHER, *et al.*,  )
)
          Plaintiffs,  )
)
v.  )   Case No. 02-CV-427-GKF-PJC
)
THE UNITED STATES OF AMERICA,  )
*et al.*,  )
)
          Defendants.  )

## OPINION AND ORDER

Before the court is Motion to Review Taxation of Costs [Doc. No. 1322] of the federal defendants in this action ("Federal Defendants"). For the reasons set forth below, the motion is granted.

## I. Procedural Background

On January 29, 2016, plaintiffs submitted a Bill of Costs [Doc. No. 1290] and Motion for Attorney's Fees and Costs Under the Equal Access to Justice Act ("EAJA") [Doc. No. 1291]. The Court Clerk held a hearing on costs on May 5, 2016, and issued a decision awarding $30,003.19 in taxable costs the same day. [Doc. No. 1317]. The Federal Defendants moved for review of that award on May 12, 2016. [Doc. No. 1322]. The Motion to Review Taxation of Costs and Motion for Attorney's Fees Under EAJA were stayed pending resolution of plaintiffs' appeal of this court's entry of judgment on March 11, 2016. [Doc. No. 1337; Doc. No. 1339]. The Tenth Circuit affirmed the court's judgment on April 21, 2017, [Doc. No. 1341; Doc. No. 1342], and the appeal terminated on June 13, 2017. [Doc. No. 1344].

## II. Legal Analysis

The Federal Defendants argue that because the Court Clerk's award of costs issued under Fed. R. Civ. P. 54, not EAJA, it must be vacated. That argument is well-taken. Fed. R. Civ. P. 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." "But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law." Fed. R. Civ. P. 54(d)(1). Here, EAJA, not Rule 54, governs that determination. *See Fruitt v. Astrue*, 604 F.3d 1217, 1219 (10th Cir. 2010) (noting "the statute authorizing an award of costs against the government is EAJA" and Rule 54's time limits do not control); *Hiller v. United States*, No. C 05-01620, 2008 WL 449846, at *32 (N.D. Cal. Feb. 15, 2008) (holding EAJA, not Rule 54, governs cost awards involving the United States and its agencies); *cf. Neal & Co, Inc. v. United States*, 121 F.3d 683, 684–85 (explaining "RCFC 54(d), and hence any interpretations of it, do not apply in this case, because EAJA governs" and noting differences in standards for cost awards in both).

The doctrine of sovereign immunity compels this result. "The United States must consent by way of some statutory enactment before it may be required to pay fees and costs." *See Harmon v. United States*, No. Civ. A. 5:00-1072, 2005 WL 713326, at *2 (S.D. W. Va. Mar. 28, 2005). EAJA is such an enactment, and to that end, its "waiver of sovereign immunity . . . must be strictly construed." *Estate of Smith v. O'Halloran*, 930 F.2d 1496, 1501 (10th Cir. 1991); *see also United States v. Harrell*, 642 F.3d 907, 915 (10th Cir. 2011). In this case, Rule 54 and EAJA establish different standards for awarding costs. *Compare* Fed. R. Civ. P. 54(d)(1) (providing that eligible costs "*should* be allowed to the prevailing party") (emphasis added) *with* 28 U.S.C. § 2412(a)(1) (providing that costs "*may* be awarded to the prevailing party") (emphasis added); *see also Neal*, 121 F.3d at 686–87 (comparing Rule 54's "presumption in

favor of costs" with EAJA's "permissive, discretionary" test that "does not create a presumption in favor of an award"). Because EAJA enunciates the more stringent standard, that standard must govern. *See Hiller*, 2008 WL 449846, at *32; *Neal*, 121 F.3d at 686–87. In reaching this conclusion, the court is "mindful that waivers of sovereign immunity must be strictly construed in favor of the United States." *See FTC v. Kuykendall*, 466 F.3d 1149, 1156 (10th Cir. 2006).

Here, the Order on Bill of Costs was issued pursuant to Rule 54(d). Plaintiffs reply that EAJA expressly incorporates 28 U.S.C. § 1920, which allows independent judgments of costs under Rule 54. But "[t]he cross-referenced statute, § 1920, simply *lists* taxable costs," not the standards governing their recovery. *See Fruitt*, 604 F.3d at 1219. And in fact, plaintiffs' reading of EAJA has been rejected before. *See Kuykendall*, 466 F.3d at 1155 (rejecting argument that EAJA's reference to § 1920 broadly authorizes judgments as provided for in § 1920). Plaintiffs suggest that any difference in cost evaluations under EAJA and § 1920 "is much ado about very little if . . . anything at all." [Doc. No. 1330, p. 2]. As discussed above, that is not true—the difference, of course, is between a presumptive and discretionary award and between strict and liberal constructions of sovereign immunity. Thus, the court concludes any award of costs must be evaluated and issued pursuant to EAJA, not Rule 54.

WHEREFORE, the Motion to Review Taxation of Costs [Doc. No. 1322] is granted in part and the Order on Bill of Costs [Doc. No. 1317] is vacated. The parties are directed to adress the appropriateness of recovery of such court costs under EAJA in supplemental briefing, specifically identifying, attributing, and separating expenses in relation to the claim on which plaintiffs prevailed. That briefing shall be limited to the costs identified in [Doc. No. 1290]. Plaintiffs' opening brief shall be filed on or before July 13, 2017; defendants' response shall be

filed on or before August 3, 2017; and plaintiffs' reply shall be filed on or before August 17, 2017.

IT IS SO ORDERED this 13th day of June, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT